IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MATTIE D. C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-281-D-BT |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a civil action seeking judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The district court referred the case to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. For the reasons explained below, the court should AFFIRM the Commissioner's decision.

## Background

Plaintiff alleges she is disabled due to major depression. Administrative Record 89, 390 ("A.R.") (ECF No. 13-1). After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing took place on July 22, 2014, and resulted in a decision denying disability benefits. *Id.* 130-36. The Appeals Council vacated that decision and remanded the case for further

evaluation of Plaintiff's treating physician's opinion. *Id.* 145-46. A second hearing took place before a different ALJ on November 18, 2016. *Id.* 10. Once again, the ALJ found Plaintiff was not disabled and, therefore, not entitled to disability benefits. *Id.* 18. At the time of the second hearing, Plaintiff was 46 years old. *Id.* 17. She has a tenth-grade education and past work experience as a home health attendant, child monitor, and housekeeping cleaner. *Id.* 84, 113, 136.

At step one of the five-step sequential evaluation,[1] the second ALJ found Plaintiff had engaged in work activity after her application date; but, because Plaintiff was unable to provide the length of time worked, the ALJ continued to the next steps in the sequential evaluation process. *Id.* 13. At steps two and three, the ALJ found that Plaintiff's blindness in the left eye, attention deficit hyperactivity disorder ("ADHD"), affective disorder, major depression, and a history of drug addiction with several minor relapses were severe impairments, but that she did not have an impairment or combination of impairments that met or equaled the severity of any impairment listed in the social security regulations. *Id.* The ALJ further found Plaintiff had the residual functional capacity ("RFC") to perform the

---

[1] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

full range of work at all exertional levels, except that she had several non-exertional limitations, including: (1) depth perception deficits that restrict her from being around moving or dangerous equipment, hazardous work settings, or heights; and (2) mental and emotional deficits that (a) limit her to understanding, remembering, and carrying out simple instructions, making simple decisions, and attending and concentrating for no more than two hours at a time, and (b) prevent her from working directly with the public. *Id.* 15-16. At step four, the ALJ determined that Plaintiff had no past relevant work. *Id.* 17. At step five, relying on the testimony of a vocational expert, the ALJ found that Plaintiff was capable of working as a laundry worker, a dining room attendant, and a dishwasher—jobs that exist in significant numbers in the national economy. *Id.* 18.

Plaintiff appealed the second ALJ's decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court. In three general grounds for relief, Plaintiff argues the ALJ's decision that she is not disabled is not supported by substantial evidence because: (1) the ALJ applied the wrong legal standard to evaluate whether she had any severe impairments; (2) the ALJ's RFC assessment failed to incorporate all of her functional limitations; and (3) the ALJ failed to properly evaluate the opinion of her treating physician.

## Legal Standards

Judicial review in social security appeals "'is limited to two inquiries: (1) whether the ALJ's decision is supported by substantial evidence on the record as a whole, and (2) whether the Commissioner applied the proper legal standard.'"

*Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985)); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds the Commissioner stated to support her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

### Severity of Plaintiff's Impairments

Plaintiff first argues that the ALJ applied an improper legal standard to evaluate the severity of her alleged impairments at step two of the sequential evaluation because the ALJ failed to cite the appropriate legal standard set forth by *Stone v. Heckler*, 752 F.2d 1099, 1102 (5th Cir. 1985).

4

In *Stone*, the Fifth Circuit construed the regulations as setting the following standard in determining whether a claimant's impairment is "severe:"

> [A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience.

*Stone*, 752 F.2d at 1101 (quoting *Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984)). In making a severity determination, the ALJ must set forth the correct standard by reference to Fifth Circuit opinions or by an express statement that the Fifth Circuit's construction of the regulation has been applied. *See Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986).

A court must assume that the "ALJ and Appeals Council have applied an incorrect standard to the severity requirement unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction [the Fifth Circuit gave] to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. Notwithstanding this presumption, the Court must look beyond the use of "magic words" and determine whether the ALJ applied the correct severity standard. *Hampton*, 785 F.2d at 1311. The presumption may be rebutted by a showing that the ALJ applied the correct legal standard, regardless of the ALJ's recitation of the severity standard, or that the ALJ's application of the incorrect standard was harmless. *Taylor v. Astrue*, 2011 WL 4091506, at *6 (N.D. Tex. June 27, 2011), *rec. adopted*, 2011 WL 4091503

5

(N.D. Tex. Sept. 14, 2011), *aff'd*, 706 F.3d 600, 602-03 (5th Cir. 2012) (applying harmless error analysis in *Stone* error cases).

Here, the ALJ did not cite to *Stone* and stated that an impairment is severe "if it significantly limits an individual's ability to perform basic work activities." A.R. 12 (citing 20 C.F.R. § 416.921; SSR 85-28, 96-3p, & 96-4p). This is the same articulation of the standard that *Stone* found to be inconsistent with the Social Security Act. *Stone*, 752 F.2d at 1104-05; *Craaybeek v. Astrue*, 2011 WL 539132, at *6 (N.D. Tex. Feb. 7, 2011). The ALJ also found Plaintiff's left eye blindness, ADHD, affective disorder, major depression, and history of drug addiction were severe because they have "more than minimally affected" her "ability to engage in basic work activities." A.R. 13 (citing 20 C.F.R. § 406.920(c)). The "minimal effect" standard is also inconsistent with *Stone*. *Craaybeek*, 2011 WL 539132, at *6 (citing cases). The *Stone* severity standard does not allow for any interference with work ability – even minimal interference. *See Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805-06 (N.D. Tex. 2009); *Morris v. Astrue*, 2012 WL 4468185, at *5 (N.D. Tex. Sept. 4, 2012), *rec. adopted*, 2012 WL 4466144 (N.D. Tex. Sept. 27, 2012). The ALJ therefore erred because he did not actually state the same standard mandated by *Stone*.

In the past, some courts treated this error as grounds for automatic remand. *See, e.g., Scroggins*, 598 F. Supp. 2d at 806-07; *Sanders v. Astrue,* 2008 WL 4211146, at *8 (N.D. Tex. Sept. 12, 2008). But, this is no longer true. *See, e.g., Stephanie Z. v. Berryhill*, 2018 WL 4467470, at *3 (N.D. Tex. Sept. 18, 2018);

*Rivera v. Colvin*, 2013 WL 4623514, at *6 (N.D. Tex. Aug. 28, 2013). The presumption that legal error occurred because the ALJ failed to correctly articulate the severity standard may be rebutted by a showing that the ALJ actually applied the correct legal standard, *see Morris*, 2012 WL 4468185, at *9, or that the error was harmless, *see Taylor*, 706 F.3d at 603.

In this case, substantial evidence supports the finding that Plaintiff's left eye blindness, ADHD, affective disorder, major depression, and history of drug addiction were severe. Indeed, Plaintiff does not argue otherwise. The ALJ's written decision demonstrates that he thoroughly reviewed the medical record before him and did not find that Plaintiff suffered from any other severe impairment. Plaintiff fails to identify any evidence of a specific impairment that the ALJ did not consider or improperly failed to find was severe. Therefore, the ALJ's error in failing to set forth the correct severity standard is harmless.

### Plaintiff's RFC

Plaintiff next argues that the ALJ's disability determination is not supported by substantial evidence because the ALJ failed to incorporate all the functional limitations she found resulted from Plaintiff's mental impairments into Plaintiff's RFC.

When evaluating the severity of a claimant's mental impairment, the ALJ must follow an additional evaluation process often referred to as the "special technique." *See* 20 C.F.R. §§ 404.1520a, 416.920a; *Randall v. Astrue*, 570 F.3d 651, 658 (5th Cir. 2009) (per curiam). The special technique requires that the

ALJ first consider whether a claimant has a medically determinable mental impairment. *Id.* §416.920a 404.1520a(b)(1), 416.920a(b)(1). Once the ALJ finds that a claimant has a mental impairment, she must rate the degree of functional limitation resulting from the impairment in each of four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. *Id.* §§ 404.1520a(b)(2), (c), 416.920a(b)(2), (c). These functional areas are rated on a five-point scale: none, mild, moderate, marked, and extreme. *Id.* § 404.1520a(c)(4), 416.920a(c)(4). The "extreme" rating represents a degree of limitation that is incompatible with the ability to do any gainful activity. *Id.* After the ALJ rates the degree of functional limitation resulting from any mental impairment, the ALJ determines the severity of such impairment. *Id.* §§ 404.1520a(d), 416.920a(d). If the degree of limitation is "none" or "mild," the ALJ will generally conclude the impairment is not severe. *Id.* §§ 404.1520a(d)(1), § 416.920a(d)(1). If the mental impairment is "severe," the ALJ must then determine if the impairment meets or equals a listed mental disorder. *Id.* § 404.1520a(d)(2). If the impairment is severe but does not reach the level of a listed disorder, then the ALJ must conduct an RFC assessment. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3).

The ALJ's written decision demonstrates that she properly applied the special technique in evaluating Plaintiff's mental impairments and found that Plaintiff has moderate limitations with respect to each of the four functional

8

areas. A.R. 13-14. The ALJ did not find that the severity of Plaintiff's mental impairments met any listed mental disorder. *Id.* 14. Therefore, the ALJ conducted a mental RFC assessment. As stated, the ALJ found that Plaintiff is limited to understanding, remembering, and carrying out simple instructions, making simple decisions, and attending and concentrating for two hours at a time. A.R. 15. The ALJ further found Plaintiff can interact with coworkers and supervisors, can respond appropriately to changes in a routine work setting, but cannot work directly with the public. *Id.* Relying on the testimony of a VE, the ALJ ultimately concluded that Plaintiff is not entitled to benefits because she can work as a laundry worker, a dining room attendant, and a dishwasher. A.R. 18.

Plaintiff challenges the ALJ's mental RFC assessment and resulting disability determination. For example, Plaintiff contends that, because the ALJ found that she has a moderate limitation in the area of understanding, remembering, or applying information, "it must be presumed" that Plaintiff has a significant limitation in her ability to follow one or two-step oral instructions to carry out a task; and thus, the ALJ's finding that Plaintiff is capable of "simple work" is inconsistent with a finding that she is significantly limited in her ability to follow one or two-step instructions. Pl.'s Br. 7-8 (ECF No. 16). She further contends that the ALJ's finding that she is moderately limited with regard to her ability to concentrate, persist, and maintain pace means she is significantly limited with regard to one of the basic mental abilities needed for any job. *Id.* 8. Plaintiff argues that the ALJ's assessment that she can attend and concentrate for

9

two hours at a time fails to incorporate the significant limitation found by the ALJ in this area. *Id.* 8-9. Plaintiff similarly contends that the ALJ's finding that she is moderately limited with regard to her ability to adapt or manage herself is inconsistent with the RFC assessment that she can respond appropriately to changes in a routine work setting. *Id.* 9.

The common element in each of these arguments is that the ALJ's finding of a moderate limitation in one of the four functional areas means that Plaintiff is "significantly" limited to a degree that is not captured by the ALJ's RFC assessment. However, Plaintiff offers no authority for the assertion that "moderate" is the same as "significant," such that the court must find a conflict between the ALJ's determination of Plaintiff's abilities with respect to the four broad functional areas and the RFC assessment.

Plaintiff argues the ALJ should have provided a more detailed assessment of her mental functional limitations. However, the written decision shows the ALJ evaluated all of her alleged mental impairments according to the special technique. A.R. 14. The ALJ cited relevant medical evidence and Plaintiff's own testimony supporting the determination that Plaintiff's impairments resulted in moderate limitations in each of the four functional areas. *Id.* The ALJ further explained that the moderate limitations she found are not an RFC assessment, but are only used to rate the severity of the alleged mental impairments as steps 2 and 3. *Id.* The ALJ stated that the more detailed mental RFC assessment used at

steps 4 and 5 accurately reflects the degree of limitation she found pursuant to the special technique. *Id.*

Here, the ALJ determined Plaintiff has the RFC to perform the full range of work at all exertional levels, except that she is limited her to understanding, remembering, and carrying out simple instructions, making simple decisions, and attending and concentrating for no more than two hours at a time, and she cannot work directly with the public. *Id.* 15-16. The record as a whole shows this RFC is supported by substantial evidence. As the ALJ explained in her written decision, the medical evidence shows Plaintiff has been diagnosed with ADHD, affective disorder, and major depression and that she routinely presents on examination with findings consistent with these diagnoses. A.R. 16. However, other evidence of record reveals that Plaintiff's mental impairments result in only moderate functional limitations, as Plaintiff herself reported she had the ability to perform a wide variety of daily activities, could interact appropriately with friends and family members, and could travel to new and unfamiliar places by herself using public transportation. *Id.*

To the extent Plaintiff argues the ALJ's hypothetical to the VE erroneously failed to incorporate all the limitations the ALJ found, she has failed to demonstrate reversible error. The ALJ was only obligated to reasonably incorporate in her hypothetical all of Plaintiff's disabilities that the ALJ recognized. *See Boyd v. Apfel*, 239 F.3d 698, 707 (5th Cir. 2001). Because the ALJ adequately considered the moderate limitations in Plaintiff's mental functional abilities when

determining the RFC, and this RFC finding is supported by substantial evidence, it was not necessary for the ALJ to directly include any additional mental functional limitations in her hypothetical question to the VE. *See Bordelon v. Astrue*, 281 F. App'x 418, 423 (5th Cir. 2008) (per curiam) (holding that where ALJ's hypothetical to VE assumed individual who, *inter alia*, would need a job with only rare public interaction, low stress, and simple one– to two-step instructions, "ALJ reasonably incorporated [complainant's] moderate concentration, persistence, and pace limitations such that the hypothetical question was proper."); *Fitzpatrick v. Colvin*, 2016 WL 1258477, at *10 (N.D. Tex. Mar. 31, 2016) (Fitzwater, J.) (holding that where the record reflects ALJ considered limitations in concentration, persistence, or pace when determining Plaintiff's RFC and that the RFC finding is supported by substantial evidence, ALJ was not required to expressly include a limitation for concentration, persistence, or pace in her hypothetical to the VE); *Smith v. Colvin*, 2014 WL 1407437, at *5 (N.D. Tex. Mar. 24, 2014) (Horan, J.), *rec. adopted*, 2014 WL 1407440 (N.D. Tex. Apr. 11, 2014) (Godbey, J.) (same); *Herring v. Astrue*, 788 F.Supp.2d 513, 518 (N.D. Tex. 2011) (Fitzwater, C.J.) (same).

Even assuming the ALJ erred in failing to include one or more limitations in the hypothetical she posed to the VE, this error would be harmless. An ALJ's failure to incorporate all of a claimant's recognized disabilities into a hypothetical question is not reversible error where the claimant's representative is afforded the opportunity to correct deficiencies in the question by mentioning or

suggesting to the VE any purported defects in the hypothetical question, "including additional disabilities not recognized by the [ALJ]'s findings and disabilities recognized but omitted from the question." *Wise v. Barnhart*, 101 Fed. Appx. 950, 951 (5th Cir. 2004) (per curiam) (quoting *Bowling v. Shalal*, 36 F.3d 431, 436 (5th Cir. 1994) (per curiam); *Urrutia v. Colvin*, 2016 WL 1161794, at *11 (N.D. Tex. Mar. 24, 2016) (Fitzwater, J.). In this case, the ALJ afforded Plaintiff's attorney an opportunity at the hearing to cross-examine the VE and to correct deficiencies in the ALJ's hypothetical question by mentioning or suggesting to the expert any purported defects in the question. *See* A.R. 116. Accordingly, any deficiency in the ALJ's hypothetical to the VE was not reversible error. *Urrutia*, 2016 WL 1161794, at *11 (holding that any error in failing to include recognized limitation in ALJ's hypothetical question to VE was not reversible error where plaintiff's attorney was afforded opportunity to correct deficiencies in hypothetical by mentioning or suggesting purported defects in the question); *Harrison v. Colvin*, 2014 WL 982843, at *5 (N.D. Tex. Mar. 12, 2014) (Fitzwater, C.J.) (same).

### Plaintiff's Treating Physician's Opinion

Plaintiff further argues the ALJ failed to properly evaluate the opinion of her treating psychiatrist, Patricia Newton, M.D. The opinion of a treating physician is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, . . . ." 20 C.F.R. §

13

404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 CFR §§ 404.1527 and 416.927." SSR 96–2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996); *see also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of: (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. 20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *See Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). However, "[g]ood cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456 (citations omitted).

Dr. Newton completed a Medical Assessment of Ability to do Work-Related Activities (Mental), in which she opined that Plaintiff was "substantially" limited in her ability to apply commonsense understanding to carry out simple instructions; demonstrate reliability by maintaining regular attendance and being punctual; maintain attention or stay on task for a two-hour period; act

14

appropriately with the general public; maintain her personal appearance; respond appropriately to changes in a routine work setting; and cope with normal work stress. A.R. 718-19. Dr. Newton further opined that Plaintiff was "extremely" limited in her ability to apply commonsense to carry out detailed instructions; maintain concentration for a two-hour period; make simple, work-related decision; ask simple questions or request assistance; respond appropriately to criticism; behave in an emotionally stable manner; and finish a normal work week without interruption from psychologically-based symptoms. *Id.* The ALJ considered—but largely rejected—this opinion, in determining that Plaintiff had the nonexertional RFC to understand, remember, and carry out simple instructions, make simple decisions, and attend and concentrate for two hours at a time, interact with coworkers and supervisors, and respond appropriately to changes in a routine work setting. A.R. 15.

In her written decision, the ALJ thoroughly reviewed the medical evidence of record in detail. A.R. 16-17. The ALJ specifically noted Plaintiff's diagnoses for ADHD, affective disorder, major depression, and history of drug addiction with several minor relapses, and observed that Plaintiff routinely presents on examination with findings consistent with these diagnoses, including withdrawn behavior, blunted and restricted affect, depressed mood, impaired attention, poor impulse control and insight, and paranoid delusions. A.R. 16. She further noted Plaintiff's complaints of symptoms consistent with her diagnoses, including frequent arguments and conflicts with other, depressed mood, anhedonia,

15

irritability, anger, crying spells, feelings of extreme guilt, poor appetite, low energy levels, suicidal and homicidal ideation, abnormal sleep patterns, weight loss, poor concentration, decreased interest, and thoughts of worthlessness. *Id.* However, the ALJ also observed a number of inconsistencies in the record which caused him to doubt the veracity of Plaintiff's complaints. *Id.* Among other things, the ALJ found Plaintiff just as often presents with normal mental status examinations which note no psychiatric issues and that most of her mental health treatment visits were for medication refills, were performed by non-physician sources, and did not involve any significant treatment. *Id.* The ALJ also found that Plaintiff reported she had the ability to perform a wide variety of daily activities, including maintaining her personal care and performing simple household chores like preparing meals, cleaning, and laundry, could interact appropriately with friends and family members, and could even travel to new and unfamiliar places by herself using public transportation. *Id.*

> With respect to Dr. Newton's opinion, the ALJ explained:
>
> [T]he undersigned accords little weight to the opinions of Patricia Newton, M.D., the claimant's treating psychiatrist, who found the claimant to have extreme limitations in understanding and carrying out instructions, sustaining concentration and persistence, responding appropriately to others, and adapting to changes in a routing work setting. Although Dr. Newton is a treating source with a longitudinal treatment relationship with the claimant, her opinions regarding the claimant's work-related mental limitations are inconsistent with the normal mental status examinations in the record and the claimant's own admissions regarding her ability to perform various activities of daily living, the extent of her social involvement, and her ability to maintain concentration.

16

A.R. 17. This explanation shows that the ALJ properly considered Dr. Newton's opinion and determined, for good cause, not to give the opinion controlling weight. As shown by the summary of the ALJ's decision, Dr. Newton's opinion is not supported by the medical evidence of record and is inconsistent with the record as a whole. The ALJ did not err in evaluating the opinion of Plaintiff's treating physician.

## Conclusion

The ALJ applied the correct legal standards, and substantial evidence supports the ALJ's decision that Plaintiff is not disabled within the meaning of the Social Security Act. Therefore, the hearing decision should be affirmed in all respects.

Signed February 13 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND** <br> **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).